Johnson, J.
This transaction being- anterior to the act of 1823, prohibiting sheriffs and their deputies from purchasing executions and judgments, is certainly not affected by that act-; but we are of opinion that the judgment of the circuit court is wrong, according to the principles of the common law.
The propriety of preserving the course of justice from abuse and corruption, none will be disposed to controvert, and there is perhaps no means more effectual, than the entire exclusion of those who have an interest in the particular case, from all agency in its administration. It is for this reason, that a judge or juror are not permitted to try a cause in which they are interested, and for this reason also, that a sheriff ■is not permitted to execute process, in cases to which lie is a party. We know that before the Act of 1823, instances were not wanting in which sheriffs intentionally neglected to collect money on execution, with a view to take advantage of the necessities of the plaintiffs, to purchase their judgments and executions for less than their real value; and it was against this evil, that the act was directed. We know too, what a tremendous engine of oppression am execution against a necessitous defendant is, in the hands of one capable of abusing it, and how strong the temptation, when ho is interested to do so. The case of Reed v. Pruyen & Staats, (7 Johnson 426) is an example of this. There, one Van Slyck, a deputy sheriff, having an cx- *419 e cation against the defendants, entered into an arrangement with them, that he would advance the amount, on their making a note payable at bank, for an amount exceeding- the amount of the execution by about twenty five per cent, leaving the execution unsatisfied; and upon application to the court,, an order was obtained that the execution should be set aside, notwithstanding the note was unpaid.. Ch. J. Kent, in giving the judgment of the court,, remarks, that such a practice ought to be strictly and. vigilantly watched by the courts ; that although the apparent humanity was very imposing, it might be turned to cruelty, and that nothing was more important to the honor of the administration of justice, than that the officers of the court should not use its process as the means of making unequal bargains, and taking undue advantages; and such would necessarily he the effect of permitting sheriffs to become the owners of executions in their offices for collection.
In Sherman v. Boyce, (15 Johnson, 446) one Allen-had obtained a judgment against the plaintiff, and an execution issued thereon had been levied on the property of the plaintiff, by the defendant, who was a deputy sheriff. The plaintiff borrowed the money of ‘ one Barney, and the defendant became his security for the re-payment, on an agreement between them, to which Allen assented, that the execution was to remain open and in the defendant’s hands as a security, if Barney should call on him for the money. Barney did call for the money,, and the defendant levied the execution on three of the plaintiff’s horses, and sold them to raise the money and that was an action of trespass,, for taking the horses in. execution—and it was held,, that the action well lay. Platt, J. in delivering the opinion of the court, says, that “the direct and sole object of the fi. fa. was to raise the money to satisfy the judgment creditor; that object being attained, the power conferred by the writ is spent, and the officer is not permitted to use it, for enforcing any bargains in which he may think himself aggrieved. The deputy sheriff probably acted from benevolent mo-. *420 but the agreement must be pronounced illegal.”
Thomson & Dawkins, for the motion.
Herndon, contra.
The case here is even stronger — the defendant was not a party to the arrangement between Mitchell and the plaintiff — there was no undertaking on his part, that the execution should remain open for the security of Mitchell. It was Mitchell’s duty to have collected and paid the plaintiff his money. He did pay the money, and trite and technical as the rule may appear when applied here, the judgment was, in this way, satisfied, and neither the plaintiff ncr any one else could afterwards use it, for the purpose of enforcing any right which they might claim or have.
Motion granted,
O’Neall, J. concurred.
Harper, J. absent.